Haynes, J.
(Orally.)
On the 20th day of August, 1897, there was filed in this court a petition for mandamus in this case. An application was made to one of the judges of this court for an alternative writ of mandamus, which was granted in due form, and thereupon the defendant, having entered his appearance by virtue of the statute, files a demurrer to this petition, thereby raising the question whether a writ of mandamus ought to be allowed in the case. He demurs upon the ground that the court has no jurisdiction of the subject of the action, and that the petition does not state facts sufficient to constitute a cause of action.
We have listened to the arguments of counsel, and have given this matter our attention, and are unanimously of the opinion that the demurrer should be sustained; and that for reasons which I will endeavor briefly to state.
The petition.says that on the 10th day of June, 1893, relator was appointed assignee in trust for the benefit of all the creditors of said The Abner L. Backus & Son's Company, an insolvent corporation, and was duly qualified and entered upon the duties of his trust; that defendant Millard then was and still is probate judge of Lucas county, Ohio. He further says that on the 19th of August, 1893, the relator filed a paper writing in the probate court, of which the following is a copy:
“Now comes Alexander Backus, the duly appointed and qualified assignee of the Abner- L. Backus & Son’s Co., and *462 shows to the court that the following were at the time the assignee accepted the trust, the only creditors of said assign- or, viz:”
Then it sets out quite a list of creditors, and among others it mentions Abner L. Backus, $35,093.64, and proceeds:
‘‘That since said assignment has been made, all of the creditors except those hereinafter named have been paid in full, and no liability in their favor is now existing, as is shown by the vouchers and exhibits hereto attached,and join the assignee in the request to this court that the trust may be vacated, the assignee discharged, and he and his sureties released from further liability on account of their prior existing claims. That the following named persons and firms, creditors of said assignor, to-wit: Houck & Jones, Centerville, Indiana; Vernon & Moss, Anderson, Indiana; Weckizer & Boggs, Argos, Indiana; Fowler, Harpster & Smith, Harpster, Ohio; have been notified by the assignee that he is ready and able to pay to them in full the respective amounts with interest, but they have hitherto failed to present any claim against the assignor or receive or receipt for the payment thereof to the assignee. He further shows he has paid all costs and expenses of administering the trust. Wherefore the undersigned asks that he be discharged from the further duties of his trust; thathe be allowed to deposit for the benefit of said last named creditors of The Abner L. Backus & Son’s Co. the amount now due to them, or that he be allowed to retain in his hands the said amounts due respectively to each of said creditors and give undertaking in such amounts as this court may designate until such time as they, said creditors, are willing and ready to accept payment thereof; and thereupon he may be released and discharged as such assignee; his bond heretofore filed in this court be cancelled, or make such other and further orders as the court may deem right and proper in the premises.”
To that he makes oath. On the same day, to-wit: August 9th, the probate court made an order of which the following is a copy:
In the Probate Court of Lucas county, Ohio.
Ex parte the assignment for the benefit of creditors of The Abner L. Backus & Son’s Company.
.‘‘This day came Alexander L. Backus, the duly appoint *463 ed. and qualified assignee of said The Abner L. Backus & Son’s Co. and filed a statement of the credits and liabilities of said company at the date of said assignment, and submitted proof that said creditors, except those of them hereinafter named, had been paid in full; that no liability of said corporation in their favor now exists, and that they join said assignee in asking his discharge from said trust, and also that the following named creditors of said corporation, to-wit: Houck Jones, Vernon & Moss, Weckizer & Boggs, and Fowler,Harpster & Smith, have presented no claim for their respective demands, but that said assignee has in his hands sufficient funds to pay the same; that said assignee has submitted proof that it would be manifestly just and to the interest of the assignor that he be released from the further administration of said trust; and the court being now fully advised in the premises, it is hereby ordered, all of. the creditors, except those as above named, in open court consenting thereto, that said trust be vacated and the assignee released and discharged from further liabilities by reason of his trust; upon condition, however, thatsaid Alexander Bakcus file forthwith a new undertaking in the sum of $2500, payable to the state of Ohio, for the use of the unpaid creditors of said Abner L. Backus & Son's Company, conditioned that he will, on demand, pay all unliquidated claims of said corporation. And said Alexander Backus having filed said bond, which is hereby approved, he is hereby discharged from said trust as assignee of Abner L. Backus & Son’s Company; ordered that he pay the costs, taxed at $■— --.’’
It is claimed that this order is void,for the reason that all of the creditors of the Abner L. Backus & Son’s Company did not join in the petition or consent to the cancellation of the assignment. We do not come to that conclusion; nor do we think that the case cited of Garver v. Tisinger, found' in 46 Ohio St. 56, requires us-to come to that. •
The petition recites that at the time the order was made, to-wit: August 19th, 1893' — ■
“No notice of any kind, either personal, by publication or otherwise, was given the assignor The Abner L. Backus *464 & Son’s Company of the filing or pendency of said paper writing by said relator, as such assignee, or of the time of hearing of any matter pertaining to said assignment of any nature whatever; that at the time of the making of said order by said probate court (the order of date August 9th, 1893), the said assignor, The Abner L. Backus & Son’s Company, was not present in said court, nor was any one authorized to act for it present in said court; and the said assignor, The Abner L. Bakcus & Son’s Company, did not consent to said order of August 19th, 1893, and the said assignor, The Abner L. Backus & Son’s Company, had no knowledge of said order of August 19th, 1893, until long after said order was made and entered. That at the time of the making of said order by said probate court (the order of date August 19th, 1893), the following named co-partnership firms were creditors of said assignor The Abner L. Backus & Son’s Company, in the sums set opposite their respective names, as follows: (Naming the four firms already referred to). -That neither of the above named creditors were present in said court, nor was anyone authorized to act for them or either of them present in said court at the time of making said order of date August 19th, 1893; and the said above named creditors, or either of them, did not consent to said order of August 19th, 1893, and the said above named creditors had no knowledge of said order of August 19th, 1893, until long after such order was made and entered.”
We are proceeding now upon the relation of the assignee. The assignee is asking that this order of August 19th, 1893, be treated as a nullity, and that it be declared by the probate court and recognized by this court that the assignment had not been terminated or cancelled, and to declare that he to all intents and purposes is as much the assignee today of the corporation as he was at the time the assignment was made and he accepted the trust. It will be noticed that there is in this case a very full finding that all the creditors except these four have been paid; that all of the reditors except these four have asked that the assignment be cancelled and ended; and that all the creditors except these *465 four were present, and in open court consenting thereto, and an order was made that the trust be cancelled, and that the assignee should give bond for the use of these unpaid creditors, and that he did file such bond, and it was ordered that he be discharged.
So far as the bond is concerned, we think the true construction of this order is this: on the application simply to discharge the assignee from his trust, it is shown that all the creditors except four have been paid, and the object and purpose of giving that bond was to secure these four creditors if the bond of the assignee should be cancelled The language of the order is as follows:
“That said trust be vacated, and the assignee released and discharged from further liabilities by reason of his trust; upon condition, however, that said Alexander Backus file forthwith a new undertaking, etc”
We take it that the assignee was discharged The intention of the court was to discharge him. The only thing-that the court was undertaking to do was, if it made a cancellation of the bond, to secure the creditors who had claims or accounts against the estate; and thereupon the order provides that as a condition of that cancellation a new-bond be given to take the place of the other. The clear effect of that is to discharge the assignee, without reference to the fact whether he gave a bond or not.
We think, therefore, that that order must be held to be a valid and binding order, except as to these four parties that I have mentioned, and they are not here making any complaint. Indeed, so far as appears by the record, the assignee has in his hands the money necessary to pay these four persons, and they have not made any claim for it, .or called upon him for it in any manner or form, although they have been notified by him that he has the money for them, and is ready to pay it over to them.
That order stood unchallenged up to the filing of this *466 petition, except by certain proceedings which are recited in this petition as follows:
“That on the 19th day of May, 1894, one Abner L. Backus, who was at the date of said assignment and still is a large creditor of the said assignor, filed in said probate court a paper writing of which the following is a copy:
“And now comes Abner L. Backus, a stockholder in and a creditor of said company, and moves the court to vacate the conditional order of the court to discharge the assignee from the further administration of said trust, for the following reasons, viz:
“1. That the order of the court that said assignee give a new bond has not been complied with.
“2 That it is not true that the new undertaking to be given by the assignee was in fact given and approved by the court,
“3. That the assignee has, through a misunderstanding, misinformation, and mistake, reported to the court that all of the creditors of the insolvent corporation, except four, had been fully paid, and had given their consent to the discharge of said assignee, which was not true in fact, for that the undersigned and three others had not been paid in full, and had not given their consent.
“4. That there are now actions pending in the court of common pleas in and for Lucas county, Ohio, against the said Abner L. Backus & Son’s Company, in which said corporation may be adjudged to pay large amounts, and the stockholders ultimately made liable therefor.
“5. That the undersigned is one of the largest creditors of said insolvent corporation whose claim is wholly unpaid.
“Abner L. Backus,
by L. H. Pike, his atty.
“I hereby enter my appearance and consent to the immediate hearing and disposition of the within motion, by the court.
“May 19th, 1894. Alexander Backus,
“Assignee of A. L. Backus & Son’s Co.,
“by L. H. Pike, his atty.’’
That on the same day, to-wit. May 19th, 1894, the probate court of said county made an order which was duly entered upon the journals of said court of said date, of which the following is a copy:
*467 “In the Probate Court of Lucas county, Ohio.
“Ex parte The assignment of J. E. May 19th, 1894.
The Abner L. Backus &
Son's Company.
“This day this causa came on further to be heard on the motion of Abner L. Backus to vacate the conditional order heretofore made by this court to discharge the assignee from his trust, and the assignee in open court consenting thereto, and the court after hearing the evidence being fully advised in the premises, does find:
“That the order heretofore made that said assignee Alexander Backus give a further bond in the sum of 12500 before being discharged had not been complied with; that the journal entry reciting that the bond was given or approved was a mistake of the clerk of the court; that the assignee had through a misunderstanding and misinformation reported to the court that all of the creditors of said corporation, except four named in the report, and for whom he had a sufficient amount of money in his hands to pay them in full, had consented to the discharge, when in fact there were other creditors of said firm unpaid who had not given their consent to the vacation of the trust and the discharge of the assignee, and that the order was improperly obtained; and that said assignee still has in his possession money belonging to said insolvent estate, and that there are assets which he has not yet distributed; that Abner L. Backus, the party moving to vacate the order, is a creditor of and stockholder in the company, and has an interest in the proper administration of said trust; and that said order for discharge being conditional on the proper performance by said assignee of the condition affirmed by the court, which order was not complied with by said assignee, and has not since been so complied with.
“It is therefore ordered and adjudged by the court that the conditional order heretofore made to discharge1 the assignee be vacated, set aside and held for naught, and that said Alexander Backus, assignee as aforesaid, proceed to discharge the duties as assignee, and administer the trust according to law.”
It will be observed that this order was granted upon the ■application of Abner L. Backus, with the consent of the *468 assignee, Alexander Backus, and .without any notice of any kind, so far as the record shows, to the assignor. The petition now proceeds:
“That at the time and prior to the making of said order by said probate court, to-wit: the order of date May 19th, 1894, no notice of any kind, either personal, by publication or otherwise, was given the assignor, the Abner L. Backus- & Son’s Company, of the filing or pendency of said paper writing by said Abner L. Backus, or of the time of the hearing of said paper writing filed by said Abner L. Backus; neither did the said assignor, The Abner L. Backus & Son’s Company,have any knowledge of the hearing of said paper writing filed as aforesaid. That after the order of date May 19th, 1894, was so made and entered as aforesaid, said relator, as such assignee,further performed duties that were necessary in the execution of said trust in good faith;. and in the further performance of said duties incurred and paid expenses that are properly chargeable to said trust. That on the 3d day of October,1895,your relator,as such assignee, filed in the probate court of said county a paper writing of which the following is a copy:
“To the Probate Court of Lucas county, Ohio:
“Ex parte the assignment of
The Abner L, Backus & Son’s Second Report..
Company.
“The undersigned assignee respectfully represents that it will appear from the previous report of the assignee and other files in this cause that there was at the date of the last report in the hands of the assignee an amount sufficient to satisfy the respective claims of four of the creditors of said-insolvent corporation not yet proven and presented, and a large amount of assets in possession of one Samuel L. Backus, belonging to said corporation and this assignee respectively, The late Abner L. Backus, now deceased, was a-creditor of said insolvent corporation on whose motion this order discharging the assignee was vacated. But by the last will and testament of said Abner L. Backus, deceased, it is provided that his interest in the assets of The Abner L. Backus & Son’s Company shall go, and is bequeathed, to-said Samuel R. Backus on condition that said Samuel R *469 Backus execute to the executors of said last will a bond in a sufficient amount to hold the estate of the deceased harmless from any liability by reason of the interest of Abner L. Backus in said insolvent corporation.
“Immediately after receiving notice from this court that this assignee should make a further or final report as such assignee, he gave notice to said Samuel R. Backus, that he should either execute the required bond to the executors, or hand over the assets in his possession to the assignee. But said Samuel R. Backus refuses to comply with this demand in any manner or form, but threatens to bring an action against the undersigned for failure to pay over to him the assets now remaining in the hands of this assignee; or it may become necessary that the assignee bring the proper action against Samuel R. Backus for the recovery of the property belonging to the estate in his hands. Wherefore the undersigned asks for an order further extending the time to make a final report of his trust.
“Alexander Backus,
“Assignee of Abner L. Backus & Son’s Company.”
That upon the hearing of said paper writing said probate court of said county made and entered upon the journals a finding and order of which the following is a copy:
“On December 10, 1S95, came on for hearing said application of Alexander Backus, the former assignee herein, asking for further time in which to file his final account. Thereupon the court carefully examined the application,and also carefully examined the proceedings of this court heretofore had herein, together with its several orders as appears from the journal of this court; and the court being fully advised in the premises finds and orders as follows:
“1. Thatsaid Alexander Backus, upon qualifying as assignee herein, gave notice of his appointment as such assignee, as required by law, by publishing notice of said appointment for three consecutive weeks, on the same day of the week, in the Toledo Bee, a newspaper published and of general circulation in Lucas county, Ohio; due proof of said publication of notice having heretofore been filed in this court, the same is approved and confirmed.
“2. That said Alexander Backus, as assignee, was on *470 the 19th day of August, 1893,discharged as assignee herein, and said The Abner L. Backus & Son’s Company was thereby released and discharged from under its said assignment, upon condition that the said assignee give a bond in the amount of $2500 for the benefit of certain creditors, the money to pay whom the assignee retained in his possession, and which bond the court approved.
“3. That the order upon the journal of this court granting the application of Abner L. Backus, under date of May 19, 1894, was made without»? any notice whatever having been given to the said The Abner L. Backus & Son’s Company, and the order that the assignee proceed to administer his trust as assignee is therefore void.
“4. The court therefore finds that said Alexander Backus, by reason of the discharge aforesaid, ceased to be the assignee of said The Abner L. Backus & Son’s Company, on the 19th day of August, 1893, and that he has at no time since said date, and is not now the assignee of said The Abner L.Backus & Son’s Company.
“5. It is therefore ordered by the court that said application of said Alexander Backus for leave for further time in which to file his final account, be and the same hereby is ovreruled and disallowed.
“Thereupon said Alexander Backus gave notice of his intention to appeal this cause to the common pleas court, and also duly excepted to the ruling of each of the above findings and orders herein.’’
“That on the 8th day of July, 1896,your relator, as such assignee, filed in the probate court of said county a paper writing of which the following is a copy:
“The undersigned assignee respectfully represents that his former report, dated August 19,1893, made within seventy days after he had qualified as such assignee, was neither complete or entirely accurate, and it would further appear from the records of this court in this case that there was never filed a complete list of the liabilities or assets of the assignment, nor was an inventory and appraisement ordered and made, because, as will hereafter appear, the large majority of the claims against said estate were liquidated within 70 days, but owing to the fact that the books and papers of The Abner L. Backus & Son’s Company, pertaining to its assignment, being as far as the assignee is now aware in *471 the possession of Samuel R. Backus, at the date of the assignment, the vice-president of said corporation, and that Edwin Parsons, then the secretary and a director cf said assignor, acting during the first ninety days after I qualified as my clerk,I am now unable to make an absolutely complete report of my transactions and proceedings, said books and papers still being in the possession of the above named persons, notwithstanding I have made of the Abner L. Backus & Son’s Company, repeated demands for such books and papers.
“The following is a more complete statement of the liabilities of said assignor:
The Second National Bank of Toledo,-Ohio, $150,000.00
The Union Railroad Elevator & Trans'. Co. 50,177.84
Rice, Quimby & Co., 67,525.00
Abner L. Backus, 35,093.64
Hauck & Jones, 400.14
Vernon & Moss, 125.12
Weckizer & Boggs, 5220.24
Fowler, Harpster & Smith, 201.59
“The last four of the above named claims have never been presented to this assignee, and no payment has been made by him thereon. The claim of Abner L. Backus,now deceased, and represented by his executors, Edwin Jackson and Alexander Backus, is still entirely unpaid. All other claims above stated and a number of others which cannot be named, for the reason already stated, are all paid and liquidated in full. ”
He then sets out some matters in relation to accounts that were given to secure some claims to the Second National Bank, etc., that perhaps are not relevant here, and then sets up some costs and expenses as having been made, and says he is still further indebted to his attorney, and so on. And thereupon on August 17, he filed the following motion or paper:
“Now comes Alexander Backus, assignee, and moves the court to set for hearing his second partial account of said asssignment, and order publication of notice according to law of the filing and hearing of said account, filed July 8, 1896. - .
*472 2. And said assignee farther moves the court to approve said account, and to make an allowance for his services and disbursements as assignee.”
He says:
“That on the 27th day of August, 1896,the said probate court of said county, acting upon paper writings of your relator, as such assignee, made and entered upon the journal of said court an order of which the following is a copy:
‘‘Now, on this 27th day of August, 1896, came on to be heard the motion of Alexander Backus, filed on August 17, 1896, which is hereto attached, marked Exhibit A, to set the time for hearing of the second partial account of said Alexander Backus, as assignee of The Abner L.Backus & Son’s Company, and publish notice of the filing and hearing of said account, marked Exhibit B, hereto attached and made a part of this entry, and also the motion of said assignee to approve the account and make him an allowance for his disbursements and services as such assignee. The Abner L. Backus & Son’s Company did not appear. The court being now fully advised in the premises, denisd said motion and refused to fix the time for the hearing of said partial account, and refused to order a publication of a notice for the hearing of said account, and also denied the motion to approve his accounts for disbursements and to make an allowance for commissions or other compensation or for his services as assignee,for the reason that this court has no jurisdiction of the parties, or of the subject matter; to all of which rulings of the court said Alexander Backus, assignee as aforesaid, then and there excepted. And thereupon said Alexander Backus, as assignee, gave also notice of his intention to appeal this cause to the court of common pleas in and for Lucas county, and the court being of the opinion that said assignee was discharged and the trust had terminated, and that it had no jurisdiction as aforesaid, at the request of said Alexander Backus, ordered that said Alexander Backus, assignee, give a bond of $200, to perfect such appeal, in case he is entitled to an appeal, to which rulings and orders said Alexander Backus also, then and there*excepted. ”
The petition further sets forth, that Abner L, Backus *473 (has departed this life, and that Edwin Jackson and Alexander Backus were appointed and qualified as executors of his last will, and that on said 27th day of August, the following paper was filed in said court:
“And now comes Alexander Backus and Edwin Jackson, the duly appointed, qualified, and now acting executors of the last will and testament of Abner L. Backus, late of Lucas county, aforesaid, deceased, and respectfully represent that the said estate of Abner L. Backus is a creditor of said assignor in the sum of $35,093.64, which said claim has ■heretofore been duly allowed by the assignee of' the said The Abner L. Backus & Son’s Co., as a valid claim against the estate of said company; that said claim remains and is now unpaid and unsatisfied; that said assignee has never filed any account of his administration of said trust; that he now has money of said company in his hands aggregating upwards of $1038.99, which are subject to distribution among the creditors of said estate; that there are also further valuable assets belonging to said estate which said assignee has failed to collect and convert into money.
“Wherefore, said executors pray that said assignee may be •ordered to file his account herein, to collect all outstanding assets belonging to said estate, that a dividend may be duly declared by this court and payment thereof ordered made to said executors upon their said claim herein, and for all other and proper relief.
“Alexander Backus and Edwin Jackson,
“By George H. Beckwith their attorney.
“That on said 27th day of August, 1896,the said probate court of said county, acting upon the paper writing filed by said executors, made and entered upon the journals of said court an order of which the following is a copy:
“And thereupon on said 27th day of August, 1968, there came also to be heard the motion filed by Edwin Jackson and Alexander Backus, deceased, said motion hereto at-ached and made a part hereof, marked Exhibit C, to order Alexander Backus, assignee of Abner L. Backus Son’s Company, to file his account, collect all outstanding assets belonging to the estate of assignor, that this court might declare a dividend and order payment to be made to said executors of said estate of Abner L. Backus, deceased, a cred *474 itor of the assignor whose claim was allowed and wholly unpaid, and the court being fully advised in the premises denied the motion of said executors and refused to make the order prayed for, or to make any order in the premises, on the ground that said assignee was discharged, and that this court had no jurisdiction as aforesaid; to all of which rulings and orders of the court said executors then and there in due time excepted, and also gave notice of their intention to appeal from said order of this court to the court of common pleas of Lucas county, and said executors not having given bonds as executors, they are required to give a bond in the sum of $200, to perfect their appeal in case they are entitled to an appeal.”
It is said that this order and all of the orders hereinbefore recited appear upon the journals of the probate court, and that no other orders or journal entries were made in said matters. And the relator prays:
‘‘That an alternative writ of mandamus be allowed and issued against said defendant,Irwin I. Millard,as probate judge of Lucas county, Ohio, requiring him as such judge and said probate court, to proceed with the filing, publication, and hearing of the accounts of your relator as assignee in trust for the benefit of all the creditors of The Abner L- Backus & Son’s Company; and that said defendant, Irwin I. Millard, as probate» judge of Lucas county, Ohio, and said probate court, be required to proceed with the settlement of said trust under the provisions of the statutes in such cases made and provided, the order of said probate court of date August 19, 1893, to the contrary notwithstanding; and that upon the final hearing hereof, a peremptory writ of mandamus to be awarded to the same end and object; and that relator further have his costs and all other relief.”
I have already stated the views of the court in regard to that first order of August 19, 1893. That order stands as an order of court, and can only be attacked by parties who desire to attack it, and who were made parties, or who are reported to be parties, in the manner pointed out by law. We take it that|the]finding ofjthe court that these creditors *475 were present in court asking for this relief, shows that the parties were present, and is binding upon them until that is set aside by the court in which the order was made. It certainly is binding upon the assignee, who is the relator herein, and upon whose motion an application to allow those orders was made. Abner L. Backus did appear in p^sdn in court and filed a motion,_ or an application, whatever it was, to set aside a forme^ order. That he might wéll do under the provisions of the statutes of this state providing in what manner and form the judgments of a court may be set aside at terms after the orders and judgments have been made. There are statutes which make such provisions, which are applicable to proceedings in the probate court. But the assignee having been discharged,being out of court, and the assignor by virtue of that order being entitled to proceed to transact business, these proceedings did not dissolve the corporation; it was entitled to be heard upon this application of Abner L. Backus, and the record is entirely silent as to whether or not they were made parties. It nowhere shows in the orders of the court that they were parties, or were present in any way consenting. The allegations of the petition are, that .in fact they never were present, and never were served with notice. The order that was made upon them, being made with the consent of the assignee and of Abner L. Backus, was held by the probate court in proceedings afterwards to be void. It certainly was void as against The Abner L. Backus & Son’s Co. They never were made parties to it in any manner or form. And the orders which I have read that were made by the probate court in regard to the application of the assignee to have a hearing upon the accounts which he had filed,and to have an allowance to him of certain expenses, and the approval of his action as assignee and his discharge, stand today in that court unreversed and in full force.
L. H. Pike, and H. W. Seney for Relator.
King & Tracy, for Defendant.
The object of this mandamus,as I have said, is to compel the probate court to disregard these orders, and to proceed to hear that account. And it is claimed that mandamus is the proper remedy in that behalf. It is well established that a writ of mandamus will not issue where the party who seeks relief has an adequate remedy at law. We are of the opinion that these orders that were made are so far final orders in the proceedings in this case,that they are subj’ect to be either affirmed or reversed upon the filing of a petition in error by the party who deems himself aggrieved thereby; that is to say, that the assignee, or the executors of Abner L. Backus could, as to the orders made to them respectively,have filed a petition in error to reverse those orders; that until they are reversed they stand binding and conclusive upon the parties; and that the party in making this application is in fact asking us to do that by a petition in mandamus which ought to be done by the proper court upon petition in error; that is to say, they ask us to try these matters, and to declare them nullities, and to proceed regardless of them to order, direct, and compel the probate court to act in this matter.
These are all the reasons that I desire to give why we sustain the demurrer, and why we shall order a dismissal of the petition. There are other reasons apparent upon the face of the record that might be mentioned, but of course, it is not necessary to state them at the present time.